AO 91 (Rev. 11/11)   Criminal Complaint

22-mj-02941-Damian

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

FILED BY ____FBS____ D.C.

Jun 3, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| WAYNE ELLSWORTH STOUT, JR. | ) | Case No. |
| AVERY LANS | ) | 6:22-mj- 1531 |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 1, 2022__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to distribute and possess with intent to distribute controlled substances |

This criminal complaint is based on these facts:
See the attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Brian M. DiPerna, Special Agent, HSI
Printed name and title

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: __Jun 3, 2022__

_____
Judge's signature

City and state: __Orlando, Florida__    Hon. DAVID A. BAKER, U.S. Magistrate Judge
Printed name and title

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: TiffanyPalmer

UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

UNITED STATES

v.

WAYNE ELLSWORTH STOUT, JR.
AVERY A. LANS

Case No. 6:22-mj- 1531

### AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

I, Brian DiPerna, being duly sworn, state the following:

### Agent Background

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI). I have been employed as a Special Agent by HSI and its predecessor agency, the United States Customs Service, since August 2001. I am currently assigned to the HSI Office of the Assistant Special Agent in Charge in Orlando, Florida. In my capacity as a United States law enforcement officer, I am empowered by law to conduct investigations and to make arrests for offenses detailed in Title 18, Title 21, and Title 31 of the United States Code. I have been involved and assisted in the investigation of violations of various federal criminal laws, including various financial crimes; money laundering; the smuggling of monetary instruments in and out of the United States: as well as the smuggling and distribution of narcotics into the and throughout the United States.

2. As part of my daily duties as a HSI Special Agent, I have received training at the Federal Law Enforcement Training Center in the area of narcotics trafficking, money laundering along with related conspiracies and have either conducted or participated in financial and narcotics investigations using both traditional and contemporary investigative techniques to include physical surveillance, document review, witness interviews, record checks, and the seizure and analysis of electronic media and data. I have also participated in the execution of numerous search warrants and law enforcement operations which involved the seizures of illegal narcotics and U.S. Currency determined to be the financial proceeds of criminal activity.

## Purpose of Affidavit

3. The information set forth herein is based on the following: (a) my own personal observations; (b) information that I received from other law enforcement officers involved in this investigation, including by reviewing official reports prepared by other law enforcement officers; (c) interviews of witnesses and the review of reports summarizing the interviews of witnesses; and (d) information provided to me by law enforcement officials who met with and interviewed said witnesses.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint, I have not set forth each and every fact that I learned as a result of this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable

cause that a violation of federal law has been committed. Unless otherwise noted, all statements of other persons described in this affidavit are set forth in substance and in part, rather than verbatim.

5. As set forth below, there is probable cause to believe that on or about June 1, 2022, in the Middle District of Florida, Wayne Ellsworth Stout, Jr. and Avery A. Lans did knowingly conspire to possess five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846.

## Probable Cause Basis

6. On June 1, 2022, HSI Miami Special Agents (SAs) and Task Force Officers (TFOs) conducted surveillance of Stout after receiving information that he was using a rental vehicle from Enterprise Rent-a-Car location located at 1450 NE 123st, North Miami, FL. Stout is a subject of an ongoing investigation in Miami. On June 1, 2022, at approximately 8:40 am, Stout arrived at the Enterprise Rent-a-Car location on foot. Stout obtained a Brown Chevrolet Malibu bearing Florida tag number GWDK06 ("Stout's Rental Vehicle"). Stout was not carrying any luggage and he was the sole occupant of the vehicle.

7. Surveillance units followed Stout's rental vehicle from North Miami, Florida to the Orlando area to a storage facility located on Edgewater Drive in Orlando, Florida. Surveillance units maintained constant visual surveillance of the brown Chevrolet Malibu that Stout was driving. Upon arrival to the storage unit, Stout drove to unit #1206 and parked in front of the unit garage door. Law

enforcement observed Stout exit his rental vehicle, open the door to unit #1206 with a key and enter rental unit #1206. Stout was observed moving a large-size cooler and a medium-size teal and gray colored duffel bag within the rental unit. Stout was observed by exiting unit #1206 with the duffel bag which appeared to be heavy in weight. Stout was observed placing the duffel bag in the trunk of Stout's Rental Vehicle on the driver side. Stout closed the trunk, secured the storage unit door and entered Stout's Rental Vehicle. Stout departed the storage unit and surveillance followed.

8. At approximately 1:44 p.m., Stout's Rental Vehicle arrived at a restaurant located in Winter Park, Florida, 32789. Surveillance units maintained a constant visual of Stout's Rental Vehicle. Stout was observed exiting the vehicle, retrieving the medium-size teal and gray colored duffel bag from the trunk of the vehicle and placing the duffle bag on the rear driver side floorboard of his vehicle. Stout was observed walking away from the rental vehicle empty handed and entering the restaurant. Units maintained constant visual surveillance of the brown Chevrolet Malibu bearing Florida tag number GWDK06 until a silver Chevrolet Malibu bearing Florida tag number JAQY25 parked directly next to the left side of the brown Chevrolet Malibu. The silver Chevrolet Malibu was occupied alone by an unidentified black male, later identified as Avery A. Lans. The silver Chevrolet Malibu bearing Florida tag number JAQY25 is referred to as Lans' Rental Vehicle.

9. When Lans arrived, Stout was observed walking out of the restaurant and towards the Stout Rental Vehicle. Stout opened the rear driver side door of the

Stout Rental Vehicle, retrieved the medium-size teal and gray colored duffel bag, and handed it over to the driver of the silver Chevrolet Malibu —the individual later identified as Lans. Lans opened the driver side door and placed the medium-size teal and gray colored duffel bag on the passenger front seat of the Lans' Rental Vehicle and departed the area.

10. Surveillance units immediately followed the Lans' Rental Vehicle. Units maintained constant visual surveillance of the vehicle. During surveillance, Lans' Rental Vehicle was observed conducting "heat runs" which are maneuvers frequently used by subjects involved in illicit activities to evade and identify undercover law enforcement vehicles by making frequent turns, stops and U-turns.

11. At approximately 1:55 p.m., surveillance units followed Lans' Rental Vehicle to the intersection of Lee Road and Wymore Road. At that time, the driver (Lans), appeared to have identified undercover law enforcement vehicles and conducted an illegal right turn around another vehicle. Two undercover units initiated their lights and sirens in an attempt to conduct a traffic stop. When Lans noticed police lights and sirens, he proceeded to drive northbound in the southbound lanes at a high rate of speed. After passing several vehicles, the Lans' Rental Vehicle reentered the normal flow of traffic. Lans was observed retrieving and dropping the medium-size teal and gray colored duffel bag outside of the vehicle through the front passenger window. The Lans' Rental Vehicle was observed rapidly increasing speed and attempting to continue to flee and elude law enforcement officers, at which point in time, surveillance units had to activate their

5

emergency lights and sirens. The officers surrounded the silver Chevrolet Malibu in traffic, conducted an investigative stop of the vehicle, and detained the driver. Lans, the driver, was the sole occupant of the vehicle.

12. When law enforcement told Lans why he was stopped and that officers had observed Lans toss a duffle bag out of the vehicle's window as he attempted to elude law enforcement, Lans responded that that he was not saying anything about that and that he wanted to "plead the fifth."

13. Law enforcement retrieved the medium-size teal and gray colored duffel bag that was discarded during the attempted escape. An inventory of the bag revealed five bricks of a powdered substance, which field tested positive for cocaine. The five bricks of cocaine had a total weight of approximately 12 pounds. The bricks also had a visible logo imprinted on the packaging:



14. Based on my training and experience, I know that cocaine importers will use logos or brands to convey the specific type of cocaine they are selling and presumably its quality.

15. Lans was placed under arrest and processed at Orange County Sheriff's Office and later transported to Orange County Jail. Law enforcement then obtained a search warrant from the 9th Judicial Circuit Court of Florida for Orange and Osceola Counties to search for evidence in unit #1206 at the storage facility that was accessed earlier that day by Stout.

16. According to information obtained from the storage facility, Unit #1206 was rented in the name of Wayne Ellsworth Stout, Jr. and the rental file contains a scanned copy of Stout's driver's license. This is the same individual as was observed driving the Stout Rental Vehicle.

17. Upon the execution of the search warrant, agents discovered two large "Coleman" coolers and one large "Igloo" cooler. Inside "Coleman" Cooler #1 were 30 bricks of suspected cocaine and three bags of an undetermined white substance. "Coleman" Cooler #2 contained 35 bricks of suspected cocaine. The Igloo Cooler contained 44 bricks of suspected cocaine. Each brick appeared to be the size and weight of a kilogram of white powdered substance. Also inside the storage unit, agents found a duffle bag with a similar design as the duffle bag discarded by Lans as he attempted to evade law enforcement earlier on June 1, 2022.

18. In total, law enforcement discovered 109 bricks of suspected cocaine. I know from training and experience that a kilogram of cocaine is worth approximately $30,000.

19. The bricks found in the Stout's storage unit were of the same size, shape and maintained the same method of wrapping as the bricks discarded by Lans. Many of the 109 bricks found inside storage unit #1206 had the same logo or design on the exterior wrapping as the bricks being carried by Lans, as depicted here:






20. At the completion of the Search Warrant execution, all of the evidence was transported to the Orange County Sherriff's Evidence Storage. At the evidence storage, a sample of the substance found inside the bricks was field tested. The field test resulted in a positive detection for cocaine.

## Conclusion

21. Based on the foregoing facts and evidence, I believe that probable cause exists to charge Wayne Ellsworth Stout, Jr. and Avery A. Lans with one count of conspiracy to possess five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846.

Brian DiPerna
Special Agent
Homeland Security Investigation

Affidavit submitted by email and attested to me
as true and accurate via telephone or video conference,
consistent with Fed. R. Crim. P. 4.1 and 4(d), before me
this __3rd__ day of __June__, 2022.

DAVID A. BAKER
United States Magistrate Judge

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: TiffanyPalmer

9

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

22-mj-02941-Damian

| United States of America | ) |
|---|---|
| v. | ) Case No. 6:22-mj- |
| WAYNE ELLSWORTH STOUT, JR. | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* WAYNE ELLSWORTH STOUT, JR. ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment ❏ Superseding Indictment ❏ Information ❏ Superseding Information ☑ Complaint
❏ Probation Violation Petition ❏ Supervised Release Violation Petition ❏ Violation Notice ❏ Order of the Court

This offense is briefly described as follows:

Conspiracy to distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

Date: Jun 3, 2022

*Issuing officer's signature*

City and state: Orlando, Florida

US Magistrate Judge

*Printed name and title*

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: WAYNE ELLSWORTH STOUT, JR.

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth: US Virgin Islands

Date of birth: 08/22/1987

Social Security number:

Height:                                                           Weight:

Sex:                                                              Race:

Hair:                                                             Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>AVERY LANS<br>*Defendant* | 22-mj-02941-Damian<br>Case No. 6:22-mj- 1531 |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* AVERY LANS,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.


Date: Jun 3, 2022

*Issuing officer's signature*

City and state: Orlando, Florida

David A. Baker USMJ
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

*Arresting officer's signature*

*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: AVERY LANS

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth: US Virgin Islands

Date of birth: 11/28/1967

Social Security number:

Height:                               Weight:

Sex:                                  Race:

Hair:                                 Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT

**OFFENSE CHARGED**

Conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances

☐ Petty
☐ Minor
☐ Misdemeanor
X Felony

Name of District Court, and/or Judge/Magistrate Location (City)
MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA

U.S. vs. Wayne Ellsworth STOUT, JR.

Address    unknown

Birth Date   xx/xx/1987    (Optional unless a juvenile)

☒ Male ☐ Female ☐ Alien

| Place of Offense | U.S.C. Citation |
|---|---|
| Orange County, FL | 21 U.S.C. § 846 |

SSN: unknown        FBI No.

....................................DEFENDANT........................

..................................... PROCEEDING ........................

Name of Complainant Agency, or Person (& Title, if any)
Brian M. DiPerna, Special Agent – HSI

☐ person is awaiting trial in another Federal or State Court, give name of court:

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20, ☐ 21 or ☐ 40.  Show District:

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
                                          DOCKET NO.
   ☐ U.S. Att'y    ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) MAGISTRATE CASE NO. before U.S. Magistrate regarding this defendant were recorded under ▸

Name and Office of Person
Furnishing information on This Form

ROGER B. HANDBERG ☒ U.S. Att'y   ☐ Other U.S. Agency

Name of Asst. U.S. Att'y    Dana E. Hill

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding
     If not detained give date any prior summons}
     was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
     If answer to (6) is "Yes", show name of institution:

Booking No. _____
Has detainer    ☐ Yes } If "Yes"
been filed?☐ No  } give date filed:

                             Mo.     Day     Year
DATE OF
ARREST

Or... if arresting Agency & Warrant were not Federal
                             Mo.     Day     Year
DATE TRANSFERRED
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

| ADDITIONAL INFORMATION OR COMMENTS |
|---|

METHOD OF SERVICE:    RECOMMENDED    COURTROOM             Will there be a defendant or witness in custody?
Warrant               BOND:          REQUIREMENTS:         ☐Yes  ☒No
                      None           Small

DEFENSE COUNSEL:

☐(AP) Appointed
☐(FD) Federal Public Defender
☐(PS) Pro Se
☐(RE) Retained
☐(TB) To be Appointed

Related Cases:

OCDETF Case    ☐ Yes ☒ No            Start Date: _____
Gang Member:   ☐ Yes ☒ No            If Yes, gang affiliation: _____

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 21 U.S.C. § 846 | One | 21 U.S.C. §841(b)(1)(A) | Mandatory Minimum of 10 yrs and NMT life BOP; minimum 5 yrs' S/R; NMT $10 Million Fine; $100 S/A |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT

Name of District Court, and/or Judge/Magistrate Location (City)
MIDDLE DISTRICT OF FLORIDA
ORLANDO FLORIDA
————————————————————

**OFFENSE CHARGED**

Conspiracy to distribute, and possess with intent to distribute controlled substances

☐ Petty
☐ Minor
☐ Misdemeanor
X Felony

U.S. vs. Avery LANS

Address    unknown

Birth Date  xx/xx/1967    (Optional unless a juvenile)

☒ Male   ☐ Female   ☐ Alien

SSN:    unknown    FBI No.

| Place of Offense | U.S.C. Citation |
|---|---|
| Orange County, FL | 21 U.S.C. § 846 |

................................ DEFENDANT .........................

...................................... PROCEEDING ......................

Name of Complainant Agency, or Person (& Title, if any)
Brian M. DiPerna, Special Agent – HSI

☐ person is awaiting trial in another Federal or State Court, give name of court:

☐ this person/proceeding is transferred from another district per FRCrP ☐ 20, ☐ 21 or ☐ 40. Show District:

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
                                                        DOCKET NO.
☐ U.S. Att'y    ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) MAGISTRATE CASE NO. before U.S. Magistrate regarding this defendant were recorded under ▸

**IS NOT IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding
   If not detained give date any prior summons}
   was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☒ On another conviction – **Orange County Jail**

6) ☐ Awaiting trial on other charges } ☐ Fed'l ☐ State
   If answer to (6) is "Yes", show name of institution:

Booking No. _____
Has detainer    ☐ Yes } If "Yes"
been filed?☐ No  } give date filed:

                        Mo.     Day     Year
DATE OF
ARREST

Or... if arresting Agency & Warrant were not Federal
                        Mo.     Day     Year
DATE TRANSFERRED
TO U.S. CUSTODY ▸

☐ This report amends AO 257 previously submitted

Name and Office of Person
Furnishing information on This Form

ROGER B. HANDBERG ☒ U.S. Att'y    ☐ Other U.S. Agency

Name of Asst. U.S. Att'y   Dana E. Hill

---

### ADDITIONAL INFORMATION OR COMMENTS

METHOD OF SERVICE:
Warrant

RECOMMENDED BOND:
None

COURTROOM REQUIREMENTS:
Small

Will there be a defendant or witness in custody?
☐ Yes  ☒ No

DEFENSE COUNSEL:

☐ (AP) Appointed
☐ (FD) Federal Public Defender
☐ (PS) Pro Se
☐ (RE) Retained
☐ (TB) To be Appointed

Related Cases:

OCDETF Case      ☐ Yes  ☒ No
Gang Member:     ☐ Yes  ☒ No

Start Date: _____
If Yes, gang affiliation: _____

| Statutes: | Counts: | Penalty Provisions: | Maximum Penalty: |
|---|---|---|---|
| 21 U.S.C. § 846 | One | 21 U.S.C. §841(b)(1)(A) | Mandatory Minimum of 10 yrs and NMT life BOP; minimum 5 yrs' S/R; NMT $10 Million Fine; $100 S/A |